NOT PRECEDENTIAL – NOT FOR PUBLICATION

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA and GOVERNMENT OF THE VIRGIN ISLANDS, )))) | |
| Plaintiffs, )) | |
| ) | CRIM. NO. 2007/0056 |
| v. )) | |
| LELAND DOWE and MISAEL ORTIZ, ))) | |
| Defendants. )) | |

## MEMORANDUM OPINION

Finch, J.

      THIS MATTER comes before the Court on Defendant Leland Dowe's Motion to Dismiss Counts IV through VII of the Indictment. Dowe moves pursuant to 18 U.S.C. § 3161(b) and the District Court of the Virgin Islands Speedy Trial Act of 1974 Plan for the Disposition of Criminal Cases [hereinafter the Speedy Trial Plan] for dismissal of the four counts against him for violation of territorial laws with prejudice. Defendant Misael Ortiz joins in such motion.

      Dowe was arrested on November 4, 2007. The next day, he was advised of his rights and charged by Complaint in the Superior Court of the Virgin Islands. A Statement of No Prosecution was filed in the Superior Court on November 21, 2007, indicating that the matter had been transferred to the United States Attorney's Office for further prosecution. Dowe was advised of his rights in the District Court of the Virgin Islands on November 27, 2007. On December 18, 2007, Dowe was charged in a seven count Indictment with three federal charges and four territorial charges. Thus, the Indictment was filed more than thirty days after Dowe's

arrest. Ortiz was not under arrest until December 24, 2007.

The Speedy Trial Plan extends the federal Speedy Trial Act, 18 U.S.C. §§ 3161-3174, to prosecutions of territorial crimes in the District Court. United States v. McIntosh, 229 F. Supp.2d 431, 435 (D.V.I. 2002). Dowe maintains that given the teachings of United States v. McIntosh, the territorial charges against him should be dismissed with prejudice.

In McIntosh, the defendant was arrested by territorial law enforcement officials. Id. at 433. Charges were brought against him in the Territorial Court of the Virgin Islands (now referred to as the Superior Court of the Virgin Islands) for territorial gun offenses. Id. Nearly sixty days after his arrest, the defendant was indicted in federal court on the same territorial charges and similar federal gun charges for the same conduct. Id. The Territorial Court case was subsequently dismissed without prejudice. Id. The defendant then moved to dismiss the territorial charges against him pending in District Court for violation of the Speedy Trial Plan. Id.

Because more than thirty days elapsed between the defendant's arrest and the filing of the indictment, and Chapter II, section 3(a) of the Speedy Trial Plan mandates a thirty-day time limit, the District Court dismissed the territorial charges. Id. at 435. In determining whether to dismiss with or without prejudice, the Court, adhering to Chapter II, section 10(a) of the Speedy Trial Plan, considered three factors: "(1) the seriousness of the offense charged; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice." Id. No single factor was treated as dispositive. Id.

The Court reasoned, as to the first factor, that although the territorial charge of unlawful

possession of a firearm is a serious offense, the defendant was charged with the equivalent federal crime.  Id. at 435-36.  Therefore, a dismissal with prejudice of the territorial count would not result in the crime going unprosecuted.  Id. at 436.  The second factor also weighed in favor of dismissal with prejudice in that it was the United States that chose to bring the offense in the District Court and to voluntarily dismiss in the Territorial Court.  Id.  Thus, the late filing of the Indictment "was caused solely by the strategic decision of the United States and not by any circumstance beyond its control."  Id.  Finally, with regard to the third factor, the Court recognized that the defendant could only "be reindicted in this Court on the local gun charge if the United States voluntarily dismissed the federal gun charges and re-presented both to the grand jury."  Id.  If the United States did not seek such a reindictment, dismissal of the territorial count might prompt initiation of prosecution in the Territorial Court once again.  Id.

The Court concluded that the second two factors outweighed the first factor, particularly since the defendant still faced prosecution on the virtually identical federal gun charges.  Id.  The Court ultimately dismissed the territorial charges "to preserve the integrity of the administration of the Speedy Trial Act and the administration of justice in the Territory of the Virgin Islands."  Id.

The Government attempts to distinguish this case from United States v. McIntosh, 229 F. Supp.2d 431, 435 (D.V.I. 2002) on its facts.  According to the Government, because Dowe, unlike McIntosh, was never charged by Information in the Superior Court, the speedy trial clock did not begin to run until November 27, 2007, when he was arrested pursuant to a federal criminal complaint.  The Government reasons that until that time, Dowe was not "held in custody solely for the purpose of responding to a Federal or Territorial charge."  Chapter II, section 3(a)

of the Speedy Trial Plan.

The Court disagrees with the Government's logic. That an Information was not filed against Dowe in the Superior Court, does not demonstrate that he was not held in custody solely for the purpose of responding to a Federal or Territorial charge. Indeed, it is hard to fathom any other purpose for his arrest, and his being held in custody, than to respond to charges related to the conduct that precipitated his arrest.

However, there is a distinction between the circumstances here, and those in McIntosh. As in McIntosh, two of the federal charges against Dowe are virtually identical to two of the territorial offenses. Count I charges Dowe and Ortiz with taking a motor vehicle by force and violence in violation of 18 U.S.C. § 2119(1). Count VII similarly charges Dowe and Ortiz with taking the same vehicle in violation of 14 V.I.C. § 1382. Count II charges Dowe and Ortiz with carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Count VI similarly charges Dowe and Ortiz with carrying a firearm during the commission of a crime of violence in violation of 14 V.I.C. § 2253(a).

Unlike McIntosh, however, Dowe is charged with two territorial counts that are not comparable to any federal offense with which he is charged. In Counts IV and V, Dowe and Ortiz are charged with taking the personal property of another while displaying a firearm in violation of 14 V.I.C. § 1862(2).

Applying the three factors in deciding whether to dismiss with or without prejudice is a bit less straight forward in this case. As in McIntosh, the territorial charges are all for serious offenses. Even if Counts VI and VII are dismissed with prejudice, those crimes will not go unprosecuted. On the other hand, since Dowe is not otherwise charged with taking the personal

property of another while displaying a firearm, if Counts IV and V are dismissed with prejudice, those crimes will go unprosecuted.

The second factor also weighs in favor of dismissal with prejudice.  Apparently, it was the United States that chose to bring the offense in the District Court so that an Information was never filed in the Superior Court.  It appears that the late filing of the Indictment was the product of a strategic decision of the United States.

Finally, the third factor plays out exactly as it did in McIntosh.  If this Court were to dismiss without prejudice, the United States could voluntarily dismiss Counts I, II, and III and seek to reindict on all seven charges in a timely fashion, or the United States could proceed on the federal counts and prosecution could be initiated on the territorial offenses, in Superior Court.  As the Court discussed in McIntosh, as to Counts VI and VII which charge the same conduct as charged in Counts I and II, this would be contrary to the intent of the Speedy Trial Act and to the administration of justice in the Territory of the Virgin Islands.

As to Counts VI and VII, the Court finds that the balance weighs in favor of dismissal with prejudice.  Although the territorial crimes are serious, Dowe still will face prosecution on the virtually identical federal gun charges, if the territorial charges are dismissed with prejudice.  The facts and circumstances of the case which led to the dismissal would not warrant dismissal with prejudice.  However, there is no sense in jeopardizing the Speedy Trial Act and the administration of justice in the Territory of the Virgin Islands, for little or no gain to society, by allowing Dowe to be reprosecuted on the nearly identical territorial charges.  Accordingly, the Court dismisses Counts VI and VII against Dowe with prejudice.

The balance tilts in the other direction with regard to Counts IV and V, the territorial

charges for taking the personal property of another while displaying a firearm.  If these charge were dismissed with prejudice, they would go unprosecuted.  Because the delay in bringing this Indictment was only about thirteen days longer than the thirty-day limit, Dowe is not severely prejudiced.  The integrity of the Speedy Trial Act and the administration of justice in the Territory will be best preserved by allowing Dowe to either be reindicted for these offenses, along with the other federal offenses, in this Court or by permitting Dowe to be charged with these offenses in Superior Court.  Thus, the Court dismisses Count IV and V against Dowe without prejudice.

Because there was no speedy trial violation as to Ortiz, the Court will not dismiss any of the counts of the Indictment against him.

**ENTER:**

**DATED:** February 29, 2008

_____/s/_____
RAYMOND L. FINCH
U.S. DISTRICT JUDGE